UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES J. HAMILTON,                )
                                   )
          Plaintiff,               )
                                   )
     vs.                           )          Case No. 4:14-CV-766-CEJ
                                   )
TERRY RUSSELL, et al.,             )
                                   )
          Defendants.              )

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendants Terry Russell
and George Lombardi to dismiss plaintiff's third amended complaint for failure to
state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). The issues are fully briefed.

**I.     Background**

Plaintiff James J. Hamilton brings this action pursuant to 42 U.S.C. § 1983.
Hamilton is imprisoned at the Eastern Reception, Diagnostic and Correctional
Center (ERDCC) in Bonne Terre, Missouri. Russell is the warden of the ERDCC and
Lombardi is the director of the Missouri Department of Corrections. In Count I of
the complaint, which is the only allegation against defendants, Hamilton alleges
that defendants failed to protect him from assault by another inmate.

On January 17, 2014, an inmate in House 3 of the ERDCC attempted to
extort canteen items from Hamilton and threatened to assault him after he refused
to comply. Hamilton "attempted to seek help from a guard at the guard's desk,"
but "[n]o guards or other officials were present." *Third Am'd Compl.* ¶ 65.
Hamilton returned to his cell, where the attacker then assaulted him, injuring his
shoulder (the first assault). No guards were present during the first assault. After

the first assault, Hamilton sought assistance at the guard's desk, and still no guards were present. Hamilton then returned to his cell, whereupon the attacker entered and assaulted Hamilton again (the second assault). Hamilton's chest, face, and head were injured during the second assault. Hamilton sought aid at the guard's desk for a third time, but the desk was still unstaffed. Guards later arrived and took Hamilton to the manager of House 3, then to segregation.

Hamilton claims that defendants failed to protect him from assault by a violent inmate, in violation of the Eighth Amendment. Hamilton alleges that Russell and Lombardi "knew of and deliberately disregarded an excessive risk to Plaintiff's health and safety" because they "knew that the ERDCC was inadequately staffed," and that inadequate staffing and monitoring created "an excessive risk that inmates would be subject to assault by other inmates." *Id.* ¶¶ 91, 93–94, 97, 99–100.

## II.  Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in

support of his claim.  *Id.*  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp.*, 550 U.S. at 570; *see also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement.").  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.

### III.  Discussion

To state a claim against defendants under 42 U.S.C. § 1983, the plaintiff "must show a deprivation of a right, privilege, or immunity secured by the Constitution or the laws of the United States."  *Beck v. LaFleur*, 257 F.3d 764, 765–66 (8th Cir. 2001).  Because vicarious liability is inapplicable to § 1983 suits, plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Moreover, in pleading an Eighth Amendment violation, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678–79 (quoting *Bell Atlantic Corp.*, 550 U.S. at 556, 557, 570).  When the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (*quoting* Fed.R.Civ.P. 8(a)).

"[T]he eighth amendment's prohibition against cruel and unusual punishment requires prison officials to 'take reasonable measures to guarantee' inmate safety by protecting them from attacks by other prisoners."  *Young v. Selk*, 508 F.3d 868, 871–72 (8th Cir. 2007) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  "Of course, prison officials do not commit a constitutional violation

3

every time one prisoner attacks another." *Id.* (citations omitted). Rather, "[p]rison officials act unreasonably . . . when they are 'deliberately indifferent to a substantial risk of serious harm [to a prisoner].'" *Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010) (quoting *Young*, 508 F.3d at 872). To state a plausible deliberate indifference claim, a prisoner must plead sufficient facts to meet two requirements: "The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. The second requirement is subjective and requires that the inmate prove that the prison officials had a 'sufficiently culpable state of mind.'" *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834) (internal citation omitted).

Under the first requirement, an alleged deprivation is "'objectively, sufficiently serious,' [if] the official's failure to protect resulted in the inmate being 'incarcerated under conditions posing a substantial risk of serious harm.'" *Young*, 508 F.3d at 872 (quoting *Farmer*, 511 U.S. at 834). An assault by one inmate against another constitutes "serious harm." *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996). "[T]he assailant's conduct can provide the court 'the most probative evidence of the degree and type of risk that [the prisoner] faced.'" *Nelson*, 603 F.3d at 447 (quoting *Young*, 508 F.3d at 872).

Hamilton alleges that he was assaulted by the attacker twice, and he provides facts to support the allegation of serious harm. Absent from the complaint, however, are any facts plausibly suggesting that Hamilton was incarcerated under conditions posing a substantial risk of that serious harm before the attacker threatened him. Hamilton does not allege that the attacker had previously engaged in threatening or assaultive conduct toward him or other

prisoners, which could have indicated an existing substantial risk. Indeed, the facts alleged in the complaint do not indicate that a substantial risk to Hamilton existed prior to the moment of the attacker's threat. However, after the first assault, there was a substantial risk that Hamilton would be harmed in a second assault, as he was. Thus, the complaint alleges sufficient facts to meet the first requirement to state a deliberate indifference claim against defendants.

Under the second requirement, "[a]n official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young*, 508 F.3d at 873 (citing *Farmer,* 511 U.S. at 844–45). Deliberate indifference is "more than ordinary lack of due care for the prisoner's interests or safety" and "describes a state of mind more blameworthy than negligence" but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835 (quotations and citations omitted). "An obvious risk of a harm justifies an inference a prison official subjectively disregarded a substantial risk of serious harm to the inmates." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007). But a "'single incident, or a series of isolated incidents, usually provides an insufficient basis upon which to assign supervisor liability.'" *Id.* at 995–96 (quoting *Howard v. Adkison*, 887 F.2d 134, 138 (8th Cir. 1989)); *see also Jensen*, 94 F.3d at 1197–98; *Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir. 1992) ("A 'pervasive risk of harm' requires evidence of frequent violence or sexual assaults which places a prisoner or group of prisoners in reasonable fear for their safety . . . . In every case, a 'pervasive risk' is something more than a single incident and something less than a riot.").

Hamilton alleges no facts to suggest that the two assaults were more than isolated instances that occurred in quick succession. While it is alleged that inadequate staffing in House 3 created an obvious risk to prisoner safety from potential assaults, the complaint sets forth no facts plausibly suggesting such a risk was obvious. Hamilton does not allege a pattern of inmate assaults in House 3, by the attacker or by other prisoners. Nor does Hamilton set forth facts plausibly suggesting that violence in House 3 was pervasive, such that defendants must have been aware of the risk of assault. Hamilton's threadbare recital of the knowledge requirement of a deliberate indifference claim, without any facts from which to plausibly infer that knowledge, is insufficient. *See Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011) ("[A] warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement.") (citation omitted).

Additionally, the complaint is devoid of facts plausibly suggesting that House 3 was inadequately staffed. The complaint makes no mention of the number of guards required to be present at any given location, only that no guards were present during the two assaults. The mere fact that guards were not present at the precise time the assaults took place does not give rise to a plausible inference that House 3 is inadequately staffed, such that defendants may be held liable. Finally, no facts alleged in the complaint plausibly suggest that defendants were subjectively reckless in failing to address any staffing inadequacies.

**＊ ＊ ＊ ＊**

For the reasons discussed above, the Court concludes that the third amended complaint fails to state a claim for relief against defendants Lombardi and Russell that is plausible on its face.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants George Lombardi and Terry Russell to dismiss the third amended complaint [Doc. #46] is **granted**.

**IT IS FURTHER ORDERED** that the motion of defendants George Lombardi and Terry Russell to dismiss Count I of the second amended complaint [Doc. #21] is **moot**.

An order of partial dismissal will accompany this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of February, 2015.