UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES J. HAMILTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:14-CV-766-CEJ ) |
| JONNA GRUBBS, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Margaret Huff to dismiss plaintiff's fourth amended complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). The issues are fully briefed.

### I. Background

Plaintiff James J. Hamilton brings this action pursuant to 42 U.S.C. § 1983. Hamilton is imprisoned at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. Defendant Huff is a correctional officer at the ERDCC. In Count VI of the fourth amended complaint, plaintiff alleges that while he was confined in administrative segregation on March 13, 2014, Huff confiscated his medically-prescribed shoes. Plaintiff alleges that Huff knew that the shoes were necessary for treatment of his diabetic neuropathy but she was callously indifferent to his medical needs.

### II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff,

"even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570; *see also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

### III. Discussion

#### a. *Official Capacity Claim*

Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, plaintiff's official capacity claim is treated as a claim against the Missouri Department of Corrections. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010). To establish the Department's liability under § 1983 for deliberate indifference to his medical needs, plaintifff "must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). The complaint does not state that any official custom,

policy, or practice of the Department was implicated in Huff's decision to confiscate plaintiff's shoes. Therefore, the official capacity claim against defendant Huff will be dismissed.

### b. *Individual Capacity Claim*

"It is well established that the Eighth Amendment prohibition against cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison [officials] in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104.

Deliberate indifference involves both an objective and subjective analysis. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). The objective component requires a plaintiff to demonstrate an objectively serious medical need. *Id.* "A medical need is objectively serious if it either has been 'diagnosed by a physician as requiring treatment' or is 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Scott v. Benson*, 742 F.3d 335, 340 (8th Cir. 2014) (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)).

"The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need." *McRaven v. Sanders*, 577 F.3d 974, 980 (8th Cir. 2009) (quoting *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)). A prisoner "must show more than negligence, more even than

gross negligence." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).  The subjective component requires "a mental state akin to criminal recklessness." *Vaughn*, 557 F.3d at 908 (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)).  A prison official or medical provider "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [she] must also draw the inference." *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

According to the complaint, plaintiff suffers from diabetic neuropathy of the feet for which medical personnel prescribed special shoes.  Attached to the complaint is a "Lay-In/Restriction" form reflecting that the medical shoes were a "required" assistive device that plaintiff was authorized to use from February 19, 2014 to February 19, 2015.  [Doc. # 69-2].  The Court finds that plaintiff has sufficiently alleged an objectively serious medical need.

Additionally, plaintiff alleges that he told Huff that he had diabetic foot neuropathy and described how he would be affected if his shoes were taken away.  He also alleges that gave the Lay-In/Restriction form to Huff.  According to the complaint, Huff took the shoes anyway and plaintiff suffered severe foot pain until the shoes were returned to him twenty-eight days later.  The Court finds that the complaint contains allegations sufficient to satisfy the subjective prong of a deliberate indifference claim against Huff.

Huff argues that the complaint raises a claim of delayed medical treatment, and, as such, plaintiff must allege that his condition became aggravated during the twenty-eight days that he was without shoes.  *See Laughlin v. Schriro*, 430 F.3d

4

927, 929 (8th Cir. 2005). The Court disagrees with Huff's reading of the complaint. Plaintiff does not allege that medical treatment was delayed. To the contrary, plaintiff alleges that he was receiving treatment for his condition. Plaintiff's claim is not that Huff delayed treatment, but that she obstructed it. *See Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) (recognizing that obstructing medical treatment is an Eighth Amendment violation). In these circumstances, plaintiff is not required to allege an aggravation or worsening of his condition in order to state a claim, because the Eighth Amendment prohibits a prison official from "intentionally . . . deny[ing] access to medical care." *Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015) (citing *Meloy*, 302 F.3d at 849).

\*\*\*

For the reasons discussed above,

**IT IS HEREBY ORDERED** that the motion of defendant Margaret Huff to dismiss the fourth amended complaint [Doc. #80] is **granted only as to the official capacity claim in Count VI.** The motion is **denied in all other respects**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss the third amended complaint [Doc. #59] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2015.

5