UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES J. HAMILTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:14-CV-766-CEJ ) |
| JONNA GRUBBS, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Margaret Huff for summary judgment, pursuant to Fed. R. Civ. P. 56(a). The issues are fully briefed.

### **I. Background**

Plaintiff James J. Hamilton brings this action pursuant to 42 U.S.C. § 1983. Hamilton is imprisoned at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. Huff is a correctional officer at the ERDCC. In Count VI of his fourth amended complaint, plaintiff alleges that while he was confined in administrative segregation on March 13, 2014, Huff confiscated his medically-prescribed shoes. Plaintiff alleges that Huff knew that the shoes were necessary for treatment of his diabetic neuropathy, but she was callously indifferent to his medical needs. Huff moves for summary judgment because the undisputed facts demonstrate plaintiff failed to exhaust his administrative remedies as to the claim against her before filing this suit.

### **II. Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine

dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *United of Omaha Life Ins. Co. v. Honea*, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986).

**III. Discussion**

A prisoner's § 1983 claim for deliberate indifference to his medical needs typically may only proceed if the prisoner has first exhausted all of his available intra-prison administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007). But "[n]onexhaustion is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion."

*Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) (citing *Jones*, 549 U.S. at 211–12).

It is undisputed that plaintiff did not submit an Informal Resolution Request (IRR) in which he complained that his shoes were confiscated. Filing an IRR is the requisite first stage to exhaust a prisoner's administrative remedies in Missouri. *See id.* at 450 (discussing the Missouri Department of Corrections's grievance procedures). Therefore, plaintiff failed to exhaust his administrative remedies on his claim against Huff before filing this suit.

However, "inmates cannot be held to the exhaustion requirement of the PLRA when prison officials have prevented them from exhausting their administrative remedies." *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002) (en banc). The exception applies where, *inter alia*, a prisoner was "prevented from exhausting his administrative remedies when prison officials failed to respond to his requests for grievance forms . . . ." *Id.* (citing *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001)).

Plaintiff submitted a declaration in which he states that he attempted to file an IRR to complain that Huff had confiscated his shoes, but he was prevented from doing so. According to his declaration, plaintiff requested an IRR from Huff when she took the shoes; she refused to provide him with one. That day, plaintiff wrote a letter to the caseworker who oversees the segregation unit, complaining that Huff confiscated the shoes and requesting an IRR. He placed the letter under the door of his cell, from which it was taken by the guards. He received no response to the letter, and he did not receive an IRR.

3

Over the next nineteen days plaintiff wrote four additional letters addressing the same concerns and requesting an IRR. Though all of the letters were retrieved by the guards, plaintiff received no response, and he was not provided with an IRR. Plaintiff also verbally requested an IRR from the functional unit manager of the segregation unit, defendant Alan Butterworth, who refused to provide one. If true, plaintiff's failure to exhaust is excused because he was prevented from doing so.

Huff does not provide evidence to directly contradict plaintiff's account. She merely points out that while plaintiff was in segregation, he signed a returned copy of an IRR he had already initiated before he was transferred to segregation and his shoes were taken. He also filed a grievance to escalate that IRR to the next stage of administrative review. That plaintiff did not add a new claim to a long-existing grievance about a separate incident does not rebut his declaration that he sought to file a new IRR and was prevented from doing so. It demonstrates at most that he was attempting to follow the appropriate procedures to raise and exhaust a new claim. Accordingly, a genuine dispute of material fact remains over whether plaintiff was prevented from exhausting his claim. Therefore, Huff's motion for summary judgment will be denied.

\* \* \* \* \*

**IT IS HEREBY ORDERED** that the motion of defendant Margaret Huff for summary judgment [Doc. #92] is **denied**.

_[signature]_
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of July, 2015.