UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES J. HAMILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-766 (CEJ) |
| | ) |
| BROC GREMMINGER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's *pro se* motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1) and his motions for dismissal of his counsel and for an order requiring the defendant to reimburse him for the filing fee.

### I. Motions To Dismiss Counsel And For Payment Of Filing Fee

On June 21, 2017, the Court granted counsel's motion to withdraw from the case. Plaintiff's motion to relieve counsel is therefore moot. Similarly, the Court has already denied plaintiff's request for a special hearing on the issue of the alleged medical fraud. Accordingly, this request is also moot.

Plaintiff's motion for an order directing the defendant to reimburse him for the fee required to file the complaint is redundant of the claim set forth in his bill of costs. Therefore, the motion will be denied.

### II. Motion For New Trial

Rule 59 "confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). District courts enjoy substantial discretion in determining whether to grant a new trial. *Belk v. City of Eldon*, 228 F.3d

872, 878 (8th Cir. 2000); *Novak v. Gramm*, 469 F.2d 430, 434 (8th Cir. 1972) (affirming the denial of a new trial because the jury award was not "plainly unjust, monstrous, or shocking.").

"A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." *Gray*, 86 F.3d at 1480. "In determining whether a verdict is against the weight of the evidence, the trial court can rely on its own reading of the evidence — it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict*." Harris v. Sec'y U.S. Dep't of Army*, 119 F.3d 1313, 1318 (8th Cir. 1997) (quotation marks and citation omitted). The district court, however, may not "reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Id.* (quotation marks and citations omitted). And a party may not use a motion for a new trial "to introduce new evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to entry of judgment." *Parton v. White*, 203 F.3d 552, 556 (8th Cir. 2000).

A court can grant a new trial "on all or some of the issues," including damages. *James v. Rasmussen*, No. C15-0062, 2016 WL 7422667, at *2 (N.D. Iowa Dec. 22, 2016). A new trial on the issue of damages may be appropriate when a court finds that "passion or prejudice" influenced the jury's damage award. *Tedder v. Am. Railcar Indus., Inc.*, 739 F.3d 1104, 1110–11 (8th Cir. 2014).

The key inquiry is whether "a new trial is necessary to prevent a miscarriage of justice." *Maxfield v. Cintas Corp., No.* 2, 563 F.3d 691, 694 (8th Cir. 2009). A miscarriage of justice does not result whenever there are inaccuracies or errors at

trial; instead, the party seeking a new trial must demonstrate that there was prejudicial error. *Acuity v. Johnson*, 776 F.3d 588, 596 (8th Cir. 2015); *First Nat'l Bank in Sioux Falls v. First Nat'l Bank S.D.*, 679 F.3d 763, 768–69 (8th Cir. 2012); *Buchholz v. Rockwell Int'l Corp.*, 120 F.3d 146, 148 (8th Cir. 1997).

Plaintiff requests a new trial or proceeding limited to the issue of damages. First, he claims that defendant's witness, Victoria Reinholdt, perpetrated a medical fraud on the Court, by representing in medical records that she held a medical license.[1] [Doc. # 194]. These records were offered as exhibits at trial. *Id.* Plaintiff claims that this is "newly discovered evidence of fraud." *Id.* Plaintiff further argues that he was "greatly prejudiced" by the alleged medical record fraud because "[Reinholdt] severely downplay[ed] the painfulness and symptoms of diabetic foot neuropathy." [*Id.* at 2]. Defendant Huff counters that (1) plaintiff could have objected to the exhibits or cross-examined Reinholdt, and (2) Reinholdt's testimony did not prejudice plaintiff's case.

The Court finds that these records did not prejudice the jury's verdict. Even if several exhibits erroneously indicated that Reinholdt was a physician, she testified that she was a nurse practitioner. And if the jury believed that she previously held a medical license, that information in conjunction with her testimony "was not so prejudicial that a new trial would necessarily produce a different result." *Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 867 (8th Cir. 2004) (citing *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 749 (8th Cir. 2003)). It was the jury's responsibility to weigh the evidence in this case and assess the credibility of all the witnesses to determine the extent of plaintiff's injuries. *Lincoln Composites, Inc. v.*

---

[1] Plaintiff has submitted a series of documents to demonstrate inconsistencies on Reinholdt's qualifications, including a license verification report and his medical record history.

3

*Firetrace USA, LLC*, 825 F.3d 453, 466 (8th Cir. 2016) (holding that the district court did not abuse its discretion in denying a new trial on damages). And the Court does not believe there was a miscarriage of justice in the jury's determination that there was no provable injury here. *See Corpus v. Bennett*, 430 F.3d 912, 916 (8th Cir. 2005) (reasoning that "nominal damages are the appropriate means to vindicate constitutional rights whose deprivation has not caused an actual, provable injury." (internal quotation marks and citation omitted)).

For the above reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for a new trial [Doc. #188] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's request for a hearing is **denied as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion for removal of his counsel [Doc. # 188] is **denied as moot.**

**IT IS FURTHER ORDERED** that plaintiff's motion for an order requiring the defendant to reimburse the filing fee [Doc. # 195] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of June, 2017.