UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES J. HAMILTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | )   Case No. 4:14-CV-766 (CEJ) |
| | ) |
| BROC GREMMINGER, et al., | ) |
| | ) |
|     Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's bill of costs pursuant to 28 U.S.C. § 1920. Defendant Margaret Huff has responded in opposition and the issues are fully briefed.

### I.   Background

Plaintiff brought this action under 42 U.S.C. § 1983, claiming that Huff was deliberately indifferent to his serious medical need, in violation of the Eighth Amendment to the United States Constitution. At trial, the Court granted plaintiff's motion for judgment as a matter of law at the close of the case. The jury awarded plaintiff nominal damages in the amount of one dollar. On June 15, 2017, plaintiff timely filed the bill of costs, seeking $2,720.60 in litigation costs. S*ee* E.D. Mo. L.R. 8.03(A)(1).

### II.   Legal Standard

Federal Rule of Civil Procedure 54(d) grants district courts "broad discretion" over the award of costs to prevailing parties. *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009). But, there are limits on this discretion – "such costs must be set out in 28 U.S.C. § 1920 or some other

statutory authorization." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). Under § 1920, a judge or clerk of a court may tax as costs:

> (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6).

Under Rule 54(d) a prevailing party is "presumptively entitled to recover all of its costs." *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005). The burden is on the losing party to demonstrate that a request is inequitable. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002). Incurred costs must, however, be "'necessarily obtained' for use in the case." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 364 (8th Cir. 1997).

### III.  Discussion

Plaintiff claims several items in his bill of costs, including (1) $350.00 for fees of the Clerk, (2) $251.20 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case, (3) $2,094.40 in fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case, and (4) $25.00 in docket fees under 29 U.S.C. § 1923. [Doc. #190].

### **General Objections**

Huff argues that plaintiff is not the "prevailing party" under Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1915(f)(1) because the jury decided only the

issue of damages and not the issue of liability. She cites to *Farrar v. Hobby*, 506 U.S. 103 (1992) in support of her argument. The defendant's position is inconsistent with Eighth Circuit law as evidenced by the decisions in *Jones v. Lockhart*, 29 F.3d 422 (8th Cir. 1994) and *Muhammad v. Lockhart*, 104 F.3d 1069 (8th Cir. 1997). *Jones* affirmed a district court's award of fees to a plaintiff in a prisoner civil rights action where the jury awarded plaintiff $1.00 in compensatory damages and $1.00 in punitive damages. *Id.* Applying the logic of Justice O'Connor's concurring opinion, the court in *Jones* held that *Farrar* did not preclude entry of judgment for fees. *Id.* at 424. *Muhammad* affirmed the award of attorneys' fees, costs, and expenses where a civil rights plaintiff obtained a nominal award of one dollar. 104 F.3d 1069 (8th Cir. 1997).

Here, plaintiff prevailed as a matter of law on his constitutional claim and thereby accomplished a public goal. Whether the determination that Huff was deliberately indifferent was made by the Court or by the jury is immaterial. Accordingly, plaintiff is a prevailing party who may recover costs.

## Objections to Copying Costs

Huff challenges plaintiff's request for copying costs. Specifically, she contends that plaintiff's request for copies in the amount of $2,094.40 is "baseless, excessive, and clearly outside the scope of compensable, taxable costs under 28 U.S.C. § 1920(4)." [Doc. #200 at 4]. Huff also argues that these costs were not properly itemized. Last, Defendant Huff argues that plaintiff had the option to receive paper copies "at [d]efendants' expense and chose not to." *Id.* at 6.

Plaintiff states that he expended $2,094.40 for "photocopies of documents sent/received through 6/15/17." [Doc. #190-1 at 2]. Plaintiff's description shows

3

that part of the costs includes documents *"sent"* to defendant Huff, which are not taxable under Section 1920(4). *Hannan v. Auto-Owners Ins. Co.*, No. 2:13-CV-00053 (ERW), 2014 WL 5148187, at *5 (E.D. Mo. Oct. 14, 2014). Moreover, the Court agrees with Huff that plaintiff has provided so little detail that the Court cannot determine whether the copies were necessarily obtained for use in the case. *See Finan v. Good Earth Tools, Inc.*, No. 4:06-CV-878 (CAS), 2008 WL 1805639, at *11 (E.D. Mo. Apr. 21, 2008) (reasoning that "[a]mounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate the request.") Accordingly, the Court will not tax defendant Huff for $2,094.40 in copy costs. *See Graham v. Hubbs Mach. and Mfg., Inc.*, o. 4:14-CV-419 (CEJ), 2016 WL 3476708, at *2 (E.D. Mo. June 27, 2016).

Defendant Huff presents no other specific objections to plaintiff's requests, and the Court finds that those costs are allowable.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for bill of costs [Doc. #190] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs against defendant Margaret Huff in the total amount of $626.20 for fees of the Clerk, fees for printed or electronically recorded transcripts, and docket fees.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of July, 2017.

4